**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5687-17T4

MICHAEL LAW,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 11, 2019 – Decided September 17, 2019

Before Judges Haas and Enright.

On appeal from the New Jersey Department of Corrections.

Michael Law, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Law, an inmate currently in the custody of the Department of Corrections (DOC), appeals from the DOC's final administrative decision, adjudicating him guilty of institutional infraction *.002, assaulting any person. N.J.A.C. 10A:4-4.1(a). We affirm.

On April 20, 2018, a DOC lieutenant reviewed video footage of a prison unit from the day before. The videotape showed Law fighting with other inmates, and later cleaning up blood and other evidence of the fight. As a result, Law was charged with prohibited act *.004, fighting with another person.[1]

That same day, a disciplinary sergeant served the charge upon Law, conducted an investigation, and referred the charge to a hearing officer. At the hearing, Law was represented by a counsel substitute. After viewing the videotape of the fight, the hearing officer modified the charge of fighting under *004 to assaulting any person under *.002, found Law guilty of this charge, and sanctioned him by imposing 365 days' administrative segregation, 180 days' loss of commutation time, and 15 days' loss of recreation privileges.

---

[1] Law was also charged with conduct which disrupts or interferes with the security or orderly running of a correctional facility, a prohibited act under *306. However, the hearing officer found Law not guilty of this charge and, accordingly, we need not address it further in this opinion.

Law filed an administrative appeal and, on May 2, 2018, the Administrator modified the sanction imposed by the hearing officer to 180 days' administrative segregation, 90 days' loss of commutation time, and 15 days' loss of recreation privileges.  This appeal followed.

On appeal, Law argues there was insufficient evidence in the record to support the hearing officer's finding of guilt, and that the hearing officer "violated [his] procedural due process rights by refusing to permit [him] to present witnesses who could have provided testimony that would have exonerated [him] on all the disciplinary infractions."  We disagree.

The scope of our review of an agency decision is limited.  In re Taylor, 158 N.J. 644, 656 (1999).  "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'"  Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).  "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having considered the record in light of these principles, we conclude that sufficient credible evidence in the record supports the DOC's determination that Law was guilty of assault. The fight in which he participated was captured on videotape. The hearing officer, together with Law and his counsel substitute, reviewed the tape at the hearing. The hearing officer stated that the tape showed defendant "shoving" an inmate "into the pile of guys assaulting him and jabbing at [an] inmate." The tape also showed Law and his fellow inmates later cleaning up blood and other evidence of the fight. Thus, there is a substantial basis in the record for the hearing officer's finding that Law was guilty of assault.

Contrary to Law's claim that the hearing officer refused to allow him to call witnesses at the hearing, the record reveals that Law specifically declined

4

the opportunity to present witnesses. Law also refused to give a statement or provide a list identifying any possible witnesses, and he declined the opportunity to confront and cross-examine the DOC's witnesses. Under these circumstances, we are satisfied that Law received all the process an inmate is due.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5687-17T4